[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10191
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-02674-LMM


DONALD THOMPKINS, SR.,

Plaintiff-Appellant,

versus

US XPRESS, INC.,

Defendant-Appellee,

LEONARD STRAW,
in his official capacity,

Defendant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 4, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Donald Thompkins, Sr., a 62-year-old African-American Seventh Day Adventist, who is proceeding *pro se* but, at times, was represented by counsel in the district court, appeals (1) the magistrate judge's order denying, and striking, his request for an investigation into misconduct on the part of his former attorney, counsel for U.S. Xpress, Inc. ("U.S. Xpress"), and others; and (2) the district court's order granting summary judgment to U.S. Xpress on his claims of: racial and religious discrimination, in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"); age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a); and hostile work environment based on racial, religious, and age discrimination.

Thompkins's initial brief focuses almost exclusively on the alleged misconduct of his attorney and others. In several places, he states generally that he had provided his attorney with proof to support his claims and that disputed issues of material fact still exist. In response, U.S. Xpress contends that Thompkins has failed to address the merits of any of his discrimination claims. In his reply brief, Thompkins references various documents from the record, again alleging broadly that they create genuine issues of material fact. There was no abuse of discretion in denying and striking Thompkins's request to investigate alleged misconduct.

2

The motion was not signed under oath, in violation of a local rule.  There was also a failure to state with particularity the circumstances of the alleged misconduct, also in violation of the local rule.  Finally, the motion was properly stricken because the motion revealed settlement communications in violation of the court's express order.

While we construe *pro se* briefs liberally, issues not briefed by a *pro se* litigant on appeal are deemed abandoned.  *Timson*, 518 F.3d at 874.  "A party fails to adequately 'brief' a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  Passing references to an issue do not suffice.  *Id.*  Moreover, we do not address arguments raised for the first time in a *pro se* litigant's reply brief.  *Timson*, 518 F.3d at 874.

Thompkins has abandoned any claim that the district court erred in granting summary judgment to U.S. Xpress because he provides no meaningful argument of those claims or the summary judgment order in his initial brief.  *See Sapuppo*, 739 F.3d at 681; *Timson*, 518 F.3d at 874.  Even if Thompkins's general references in his reply brief to documents in the record are liberally construed to raise an argument that the district court erred in granting summary judgment, we do not address matters raised for the first time in a reply brief.  *See Timson*, 518 F.3d at 874.

**AFFIRMED.**

4